UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| STARNET INSURANCE COMPANY, a Delaware corporation, and BERKLEY UNDERWRITING PARTNERS, LLC, a Delaware limited liability company,<br><br>                              Plaintiffs,<br><br>      v.<br><br>THORSON & ASSOCIATES INSURANCE SERVICES, INC., a California corporation,<br><br>                              Defendant. | **JOINT STATUS REPORT OUTLINING DISCOVERY PLAN PURSUANT TO FRCP 26(f)**<br><br>Date: June 20, 2008<br><br>Civil Action No. 08CV2174<br><br>Judge Guzman (Mag. Judge Mason) |

      1.      **Attorneys and Status**

On June 13, 2008, Howard Wollitz of Charlston, Revich & Wollitz LLP, as counsel for plaintiffs StarNet Insurance Company ("StarNet") and Berkley Underwriting Partners, LLC, conducted a discovery conference with Christian T. Kemnitz of Katten Muchin Rosenman, LLP, counsel for defendant Thorson Insurance Services ("Thorson") to comply with Federal Rule of Civil Procedure 26(f) and this Court's Case Management Procedures.

This follows the June 9, 2009 meeting between Mr. Kemnitz, Plaintiffs' local counsel, Matthew S. Ponzi of Foran Glennon Palandech & Ponzi PC, and their respective clients during

which there was a frank exchange of views in an attempt to reach a settlement.  However, no settlement was reached.

Plaintiffs expect to file a First Amended Complaint in approximately one week.  There may be a challenge to the First Amended Complaint and a counter-claim.  Although the case may not be at-issue for 3-4 more months, the parties will proceed with discovery.

**2.      Agreement Reached at Discovery Conference**

During the discovery conference the parties conferred regarding the following: the disclosures required by Rule 26(a)(1) and a proposed discovery plan.  Based upon this meeting, the parties agreed upon the following:

**a.      Changes Regarding Initial Disclosures**

The parties do not believe that any changes need to be made in the timing, form, or requirement for disclosures under Rule 26(a), and the disclosures under Rule 26(a)(1) will be made by July 21, 2008.

**b.      Scope And Timing Of Discovery**

**(1)      Subjects On Which Discovery May Be Needed**

Plaintiffs anticipate propounding discovery on the subject of defendant's contentions and the basis for those contentions.  In particular, plaintiffs will depose defendant's person(s) most knowledgeable about defendant's defenses.  Plaintiffs will depose all persons who worked for defendant that told the insureds that the audit requirement did not apply.  Plaintiffs will subpoena documents from the eleven insureds related to this action to conduct the audits that plaintiffs contend should have been conducted.  Plaintiffs will maintain the confidentiality of the documents and restrict their use to this action.

Defendant anticipates propounding discovery on the subject of plaintiffs' contentions and

the basis for those contentions. In particular, Defendant will explore conversations made at the time the contract at issue was negotiated, Plaintiffs' claims handling procedures, Plaintiffs' procedure for auditing policies, Plaintiffs practice in filing rates and agreements with regulatory bodies, and claimants conduct in connection with Defendants customers. This action is in its initial stages and unanticipated issues my arise, such that one or more of the parties may later determine that additional discovery that they did not previously anticipate conducting is required to resolve the issue. Therefore, the parties do not waive their rights to conduct reasonable additional discovery in the future.

Plaintiff does not anticipate presenting any expert testimony, but reserves the right to change their position in the future if warranted. Defendant anticipates presenting expert testimony in the form of forensic accounting of the claims handling and loss adjustment by plaintiff and industry standard practice regarding the conduct of audits and the collection of premium.

### (2)   When Discovery Should Be Completed

The parties preliminarily propose a discovery cut-off date regarding fact witnesses of five months after the case is at-issue. The parties propose that expert witness discovery shall be conducted pursuant to FRCP 26 without any changes.

### (3)   Limitations On And/Or Phasing Of Discovery

The parties do not waive their rights to seek limitations on or phase discovery in the future, but the parties currently do not believe that discovery needs to be phased or focused on any particular issues.

### (4)   Limitations On Discovery Imposed Under Rule 26 Or By Local Rule

The parties do not waive their rights to seek limitations on discovery in the future, but none are currently known or contemplated by the parties.

    **c.**    **Discovery of Electronically Stored Information**

The parties do not foresee any issues about disclosure or discovery of electronically stored information.

    **d.**    **Privileged and Protected Materials**

The parties agree that if any challenge is to be made to a claim of privilege or protection as trial-preparation materials, such challenge shall be made by noticed motion.

    **e.**    **Limitations on Discovery**

The parties do not believe there is a need for any changes in the limitations on discovery imposed under these rules or by local rule.

    **f.**    **Orders That Should Be Entered By The Court Under Rule 26(c) Or Rule 16(b) & (c)**

The parties do not waive their rights to request any such order in the future, but none are currently known or contemplated by the parties.

**3.**    **Initial Disclosures**

The parties intend to make the following initial disclosures pursuant to FRCP 26(a)(1):

    (1)    Plaintiffs Initial Disclosures: The non-privileged documents Plaintiffs' have regarding the subject matter of this action. The identity of individuals likely to have discoverable information that Plaintiffs may use to support their claims.

    (2)    Defendant's Initial Disclosures: The non-privileged documents Defendant has regarding the subject matter of this action. The identity of individuals likely to have discoverable information that Defendant may use to support its defenses.

**CONSENT FOR SIGNATURES**

All of the signatories below consented to the use of their signature designations.

        Respectfully submitted,

        FORAN GLENNON PALANDECH & PONZI PC

        By:     /s/Matthew S. Ponzi
        Matthew S. Ponzi
        Garrett Kern
        FORAN GLENNON PALANDECH & PONZI PC
        150 South Wacker Dr., Suite 1100
        Chicago, Illinois  60606
        Telephone:  (312) 863-5000
        Facsimile:  (312) 863-5099
        E-Mail:    mponzi@fgpp.com

        CHARLSTON, REVICH & WOLLITZ LLP

        By:    /s/Howard Wollitz
        Howard Wollitz [CA SBN 58674] [Pro Hac Vice]
        CHARLSTON, REVICH & WOLLITZ LLP
        1925 Century Park East, Suite 1250
        Los Angeles, California 90067
        Telephone:  (310) 551-7000
        Facsimile:  (310) 203-9321
        E-Mail:    hwollitz@crwllp.com

        Attorneys for Plaintiffs,
        STARNET INSURANCE COMPANY and
        BERKLEY UNDERWRITING PARTNERS, LLC

      KATTEN MUCHIN ROSENMAN, LLP

      By: /s/Christian T. Kemnitz
      Christian T. Kemnitz
      KATTEN MUCHIN ROSENMAN, LLP
      525 West Monroe Street
      Chicago, Illinois 60661-3693
      Telephone: (312) 902-5379
      Facsimile: (312) 577-8619
      E-Mail: christian.kemnitz@kattenlaw.com

      Attorneys for Defendant,
      THORSON & ASSOCIATES INSURANCE SERVICES, INC.